IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DEBORAH GUETZKOW                                                                    PLAINTIFF

vs.                                      Civil No. 5:07-cv-05201

MICHAEL J. ASTRUE                                                                   DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Deborah Guetzkow ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm Larry Hendren referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff protectively filed her applications for DIB and SSI on June 27, 2005. (Tr. 38, 279). Plaintiff alleged she was disabled due to bone spurs in her feet and neck problems. (Tr. 71). Plaintiff alleged an onset date of June 23, 2005. (Tr. 72). These applications were initially denied on August 31, 2005 and were denied again on reconsideration on December 20, 2005. (Tr. 39-45,

276-281).

On January 17, 2006, Plaintiff requested an administrative hearing on her application. (Tr. 33-34). The hearing was held on January 17, 2007 in Fayetteville, Arkansas. (Tr. 299-323). Plaintiff was present and was represented by counsel, Wayne Young, at this hearing. *See id.* Plaintiff and Vocational Expert (VE") Dale Thomas testified at this hearing. *See id.*

On April 27, 2007, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB and SSI. (Tr. 16-23). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 23, 2005, her alleged onset date. (Tr. 18, Finding 2). The ALJ also determined Plaintiffs had severe impairments (foot related problems). (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

The ALJ indicated he evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. (Tr. 20-22). The ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms. This was based upon Plaintiff's daily activities, Plaintiff has not received medical treatment one would expect for someone totally disabled, Plaintiff pain was controlled by Lidocaine patches, and restrictions placed by Plaintiff's physician are inconsistent with Plaintiff's testimony. (Tr. 20-21).

After discounting Plaintiff's subjective complaints, the ALJ then reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 19-22, Finding 5). Specifically, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to do sedentary work in that she can stand/walk 2 hours in an 8 hour workday, but can be on her feet no more than 10 minutes at a time; no limits on sitting; and lift up to 10 pounds occasionally and less than 10 pounds frequently.

(Tr. 19, Finding 5). *See* 20 C.F.R. § 416.967(b) (2008).

The ALJ then determined Plaintiff was able to perform her Past Relevant Work (PRW), as a telemarketer, as this work did not require the performance of work-related activities precluded by the Plaintiff's RFC. (Tr. 22, Finding 6). The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision. (Tr. 22).

Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 9-11). On September 1, 2007, the Appeals Council declined to review this determination. (Tr. 3-5). *See* 20 C.F.R. § 404.984(b)(2). On November 6, 2007, Plaintiff filed the present appeal. (Doc. No. 1). Both parties have filed appeal briefs. (Doc. Nos. 7,8). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ did not properly consider Plaintiff's impairments in combination, (B) the ALJ erred in his credibility analysis, and (C ) the ALJ failed to fully and fairly develop the record.  In response to Plaintiff's arguments, Defendant claims  (A) the ALJ properly considered Plaintiff's impairments in combination, (B) the ALJ properly assessed Plaintiff's credibility, and (C ) the ALJ fully and fairly developed the record.

### A. Plaintiff's Impairments In Combination

Plaintiff argues the ALJ failed to consider the combined effect of Plaintiff's impairments. Specifically, Plaintiff claims the ALJ failed to consider her alleged neck pain, migraine headaches, degenerative disc disease, hypertension, depression, and obesity.

The record provides no support that Plaintiff's migraine headaches resulted in functional limitations. In fact, medical records from the Community Clinic indicate Plaintiff's headaches were under control with proper prescription medication. (Tr. 289, 291-292). Plaintiff testified she takes over-the-counter medicine for her migraine headaches. (Tr. 321).

Plaintiff did not testify to any neck pain or associated limitations. (Tr. 299-323). Plaintiff testified only that she had pain in her feet and headaches. (Tr. 310, 313). Further, the medical records do not establish any neck problems resulting in functional limitations.

Plaintiff did not allege disability due to degenerative disc disease, hypertension, depression, or obesity. (Tr. 71, 82).  Plaintiff did not testify to any such impairments as contributing to her disability. (Tr. 71, 82, 310, 313). As previously mentioned, Plaintiff testified her disability was

due to foot problems and migraine headaches. (Tr. 299-323). The ALJ is not obligated to investigate a claim which was not presented at the time of the application. *See Gregg v. Barnhart*, 354 F. 3d 710, 713 (8th Cir. 2003).

The ALJ stated his analysis of Plaintiff's claims included consideration of Plaintiff's impairments and combination of impairments. (Tr. 17-18). The ALJ indicated at step two he considered whether Plaintiff had a medically determinable impairment that was severe or a combination of impairments that were severe. (Tr. 17). The ALJ also indicated at step three he determined whether the claimant's impairment or combination of impairments met or medically equaled a listed impairment. (Tr. 17). The ALJ stated in determining the Plaintiff's RFC, he must consider all of the claimant's impairments, including impairments that are not severe. (Tr. 18). Statements such as those mentioned by the ALJ, support a finding that the ALJ considered the combined effect of Plaintiff's impairments. *See Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994).

I find substantial evidence supports the ALJ's findings concerning his review of the combined effects of Plaintiff's impairments and find the ALJ committed no error in his analysis of these claimed impairments.

### B.  Plaintiff's Subjective Complaints of pain

Plaintiff claims the ALJ erred by discounting her subjective complaints and erred by failing to provide sufficient reasons for discounting her testimony. In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints of pain and other limitations.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

7

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ met the requirements of *Polaski*. In assessing Plaintiff's credibility and evaluating her subjective complaints, the ALJ discounted those complaints for legally-sufficient reasons. Specifically, the ALJ evaluated those subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). (Tr. 20). Then, after reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff's daily activities are not limited to the extent one would expect and are consistent with the ability to perform sedentary work; (2) Plaintiff has not received medical treatment one would expect for someone totally disabled; (3) Plaintiff pain was controlled by Lidocaine patches; and (4) Restrictions placed by Plaintiff's physician are inconsistent with Plaintiff's testimony. (Tr. 20-21).

This analysis, and these noted inconsistencies, are sufficient to meet the requirements of *Polaski. See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make"). Accordingly, because the ALJ's credibility determination is supported by substantial evidence, the ALJ's credibility determination, and the ALJ's decision to discount Plaintiff's subjective complaints of disabling pain and other limitations should be affirmed.

### C. Duty to Fully Develop the Record

Plaintiff argues the ALJ failed to properly develop the record. Plaintiff argues the ALJ failed to develop the medical record to fairly and adequately evaluate all of Plaintiff's subjective claims.

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is

represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974).

In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff's claims the ALJ erred in developing the record by failing to discuss Plaintiff claims of disability due to degenerative disc disease, hypertension, depression, and obesity. As mentioned above, Plaintiff did not allege disability due to degenerative disc disease, hypertension, depression, or obesity. Furthermore, Plaintiff did not testify to any such impairments as contributing to her disability. (Tr. 71, 82, 310, 313). The ALJ is not obligated to investigate a claim which was not presented at the time of the application. *See Gregg v. Barnhart*, 354 F. 3d 710, 713 (8th Cir. 2003). The ALJ's failure to discuss these complaints does not establish a failure to fully and fairly develop the record.

As to Plaintiff's complaints neck pain, Plaintiff did not testify to any neck pain or associated limitations. (Tr. 299-323). Plaintiff testified only that she had pain in her feet and headaches. (Tr. 310, 313). Further, the medical records do not establish any neck problems resulting in functional

9

limitations. Plaintiff failed to establish error on the part of the ALJ in considering complaints of neck pain.

The ALJ questioned Plaintiff about her headaches, her lack of treatment for such, and her use of over-the-counter medication. (Tr. 305-306, 308- 309, 321). The ALJ sufficiently developed the record on this alleged impairment.

Plaintiff has failed to demonstrate that the record was not fully developed, nor has Plaintiff shown she was prejudice or treated unfairly by the ALJ. I find the ALJ satisfied his duty to fully and fairly develop the record in this matter.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and the undersigned recommends that the ALJ's disability determination be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **13th day of February, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE